UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LEROY ANTOINE LODGE, Plaintiff | CIVIL ACTION NO. 1:18-CV-1345-P |
| VERSUS | JUDGE DEE D. DRELL |
| JAMES LEBLANC, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Leroy Antoine Lodge (#105250) ("Lodge"). Lodge is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at Winn Correctional Center in Winnfield, Louisiana. Lodge complains that he was wrongfully convicted of a disciplinary violation.

Because the sanctions imposed do not implicate due process concerns, Lodge's complaint should be denied and dismissed.

## I.   Background

Lodge alleges he and other inmates were wrongfully accused and written-up for disobedience. (Doc. 1, p. 3). At a disciplinary hearing, Lodge informed the hearing officers that he wished to have the matter referred to the high court for review. (Doc. 1, p. 4). However, the matter was not referred, and Lodge was found guilty. (Doc. 1-2, p. 7). Lodge alleges he was unaware of the conviction, so the time to appeal expired. (Doc. 1, p. 5; Doc. 1-2, p. 6). Lodge was sanctioned with a loss of telephone and commissary privileges for two weeks. (Doc. 1-2, p. 5, 7).

## II.   Law and Analysis

### A.   Lodge's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Lodge is a prisoner who has been allowed to proceed *in forma pauperis*.  (Doc. 5).  As a prisoner seeking redress from an officer or employee of a governmental entity, Lodge's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983).  Because he is proceeding *in forma pauperis*, Lodge's complaint is also subject to screening under § 1915(e)(2).  Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  Id. at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

**B.** <u>**Lodge's claim should be dismissed under §§ 1915(e)(2)(b) and 1915A.**</u>

Lodge seeks monetary damages for his allegedly unlawful disciplinary conviction. However, even assuming Lodge was wrongfully convicted, he fails to state a claim for which relief can be granted.

The Due Process Clause does not protect every change in the conditions of confinement having an adverse impact on the prisoner. <u>See</u> <u>Sandin v. Conner</u>, 515 U.S. 472, 478 (1995). In <u>Sandin</u>, the Supreme Court held that the plaintiff's placement in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest. <u>Id.</u> at 485–86. Although states may, under certain circumstances, create rights that implicate Due Process, such rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Id.</u> at 484.

The loss of prison privileges, such as telephone use, visitation, and commissary privileges, as punishment "are in fact merely changes in the conditions of his confinement and do not implicate due process concerns." <u>Madison v. Parker</u>, 104 F.3d 765, 768 (5th Cir. 1997); <u>see also</u> <u>Landor v. Lamartiniere</u>, 515 F. App'x 257, 259 (5th Cir. 2013) (holding that loss of privileges and transfer to different cell block did not implicate prisoner's liberty interest); <u>Thomas v. Quaterman</u>, 272 F. App'x 406, 408 (5th Cir. 2008) (per curiam) (holding that loss of privileges and cell restrictions are ordinary incidents of prison life and do not give rise to a protected liberty interest);

<u>Taylor v. Stanciel</u>, 202 F. App'x 662, 663 (5th Cir. 2006) (holding that a loss of privileges for 30 days does not give rise to a liberty interest).

Lodge has not alleged extraordinary circumstances regarding his loss of privileges that would be sufficient to state a constitutional claim.

## III.    <u>Conclusion</u>

For the foregoing reasons, IT IS RECOMMENDED that Lodge's complaint be DENIED and DISMISSED with prejudice under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  20th

day of November, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge